MURRAY McCONNEL *et al.*, Appellants, *v.* DAVID A. SMITH, Administrator of the Estate of Jerome McKee, Senior, deceased, *et al.*, Appellees.

### APPEAL FROM SCOTT.

The ruling of this court in the case of *Wade* v. *King*, 19th Ill. 301, in relation to the admission of depositions taken in one suit, in another between the same parties, about the same controversy, examined and adhered to.

McConnel *et al. v.* Smith, Adm'r, etc., *et al.*

The opinion of the court in this cause as reported in the 23rd Ill., page 617, reconsidered, and the cause reversed, by reason of an inadvertence in examining the record.

THIS opinion is upon a petition for a rehearing. The former opinion will be found in the case as reported at page ~~111~~ *611* of volume twenty-three of these Reports.

BREESE, J. A rehearing having been granted in this cause, we have looked carefully into the points of objection to the several previous rulings of this court, and have come to these conclusions.

The objections raised heretofore to the decree, were, chiefly, the admitting as evidence in the cause, to prove the birth of a posthumous child of Jerome McKee, certain depositions, which, it is alleged, were not taken in the cause, and which were read without the consent of the complainants.

In looking into the record as to this point, we find that a motion was made by the solicitor of appellees on the hearing, that there be read as evidence in the cause, the depositions of W. H. Scoby and F. Vanderver, taken in Ohio, pursuant to a stipulation at the foot of the depositions. In the joinder in error, on this record, as a reply to the appellant's assignment of error, the appellees say, that " the court below did not allow to be read on the hearing of the cause, the depositions of witnesses in Ohio, to prove the birth of Jerome McKee, Jr., posthumous child of Jerome McKee, Senior, deceased, notwithstanding which, appellees ask that the decree be affirmed." The record shows, that these depositions were not allowed to be read, and of course formed no part of a basis for the decree.

· These are the depositions, to which we referred, in the opinion delivered in this case as reported 23 Ill. 617, as the depositions of Scoby and Brown. They are really the depositions of Scoby and Vanderver, Brown being the commissioner before whom they were taken. In that opinion it is said, these depositions were taken, " to be read in evidence, in the ejectment suit, to enjoin which, this proceeding was instituted. They were taken in suits between the same parties, where the same property was involved, and this question was in dispute. These depositions were admissible as evidence under the rule laid down in the case of *Wade* v. *King*, 19 Ill. 301."

In this, the court erred, for it appears the depositions were not taken in the ejectment suits, the proceedings in which, these complainants enjoined by this bill, but in a suit brought some years previously, in chancery, in which some of these

parties, but other and different parties and rights, were involved, and different questions. The principal question in that case, (*Smith et al.* v. *McConnell et al.*, 17 Ill. 135), was as to the right of the holder of a legal title, not being in actual possession, to maintain a bill to quiet his title, and compel a relinquishment of adverse claims ; and that an administrator cannot in equity, obtain relief by the removal of adverse apparent titles to the lands of his intestate, or convert an equitable into a legal title. These were the two principal questions, and they were both decided against the appellants. The birth of this posthumous child, who was one of the complainants, being a question in the case, by consent, the depositions of Scoby and Vanderver on that point were read. In an eject ment case, subsequently brought for a portion of the lands involved in this controversy, by *Detrick* v. *Migatt*, these depositions were read by consent. They never have been read in this case, as the record shows, and there is no proof that notice was ever given the complainants, that they would be taken. They seem to be *ex parte* altogether, and not within the rule in *Wade* v. *King*. Then we say, and we adhere to the rule, that depositions in a former suit in chancery between the same parties involving the same questions, are admissible as evidence when the same questions are presented for judicial decision, if the parties interested had an opportunity of testing the truth of the testimony contained in them, in the various ways known to the law. This opportunity was not afforded the complainants if the depositions had been read. As they were not read on the hearing of this cause, we do not well see how the birth of this posthumous child was shown, and on that, hinged the decree. Certain testimony taken in one of the ejectment suits enjoined by these complainants, *Detrick* v. *Hatfield*, and preserved by the judge in his notes of that trial, was read in evidence, by agreement; that was the testimony of one John White, as to the possession of one of the tracts of land, and of H. W. Vansyckle, a part of which, is to this effect: "Jerome McKee died some years since in Ohio, leaving a wife, *as it is said, who had a child after his death*, neither of whom have ever been in Illinois."

This does not support the claim of the birth of a posthumous child, as it is hearsay, nor if one was born, that it was within such a period as to raise the presumption that it was the legitimate heir of Jerome McKee, deceased. There is no certainty about it.

Adhering to the views we have expressed, of the rights of the posthumous heir, if there be one, but believing

that fact has not been legally established in this case, we reverse the decree on that point only, and remand the cause, with instructions to the Circuit Court, to direct an issue out of chancery, to try the fact of such birth, and to give parties leave to amend their several pleadings, and to defendants to make their answer a cross-bill, and to enable such posthumous heir, if there be one, to make his cross-bill a bill to impeach the original decree in the case of McConnel and Vansyckle, against William McKee, Isabella McKee, and Samuel Mc-Kee.

Decree reversed and remanded.

CATON, C. J. I concur in this judgment, and all that is said in reference to the deposition. But under the record as it is now found in fact to exist, all that is said in this and the former opinion, as to the rights of the posthumous child, are but *obiter dicta*, as there is now no evidence that there is such a child. In this I do not concur.

*Judgment reversed.*